IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Kevin R. Schrubb, Sr.

    Plaintiff,                     No. CIV S 04-2704 GEB CMK

vs.

John/Jane Doe, et al.,[1]

    Defendants.                FINDINGS & RECOMMENDATIONS

        Plaintiff, a state prisoner, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).

        On February 17, 2005, the undersigned issued findings and recommendations recommending that plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. On May 11, 2005, plaintiff filed an amended complaint, stating that he

///

///

---

[1] Although this case was docketed naming the "California Department of Corrections" as defendant, it is apparent from plaintiff's complaint that he is naming "John/Jane Doe" who was employed as Director of the California Department of Correction in 1982 and 1983.

1

had exhausted his administrative remedies.  The district judge issued an order on May 20, 2005 stating that the undersigned's findings and recommendations were not adopted because they addressed plaintiff's December 27, 2004 complaint instead of his amended complaint of May 11, 2005.

Pursuant to 28 U.S.C. § 1915A(a), the undersigned is required to screen plaintiff's amended complaint.  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A complaint should only be dismissed for failure to state a claim if it appears beyond a doubt that plaintiff can plead no facts or circumstances which would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  A court should grant leave to amend a complaint, even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(en banc).

Plaintiff alleges violations of his Equal Protection, Eighth Amendment and Fourteenth Amendment Due Process rights stemming from an alleged failure of prison system officials and therapists to examine and "perfect a program...to rehabilitate him."  (Am. Compl. at 11.)  The injury plaintiff alleges from this omission is that he was not rehabilitated, has repeatedly offended and his most recent offense has resulted in a sentence of several hundred years to multiple life sentences.  (Id. at 12).

A state actor deprives another of a constitutional right within the meaning of 42 U.S.C. § 1983, if the state actor does an affirmative act, participates in another's affirmative act or omits to perform an act which the actor is legally required to do that causes the deprivation described in the complaint.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the

actor knows or reasonably should know would cause the constitutional injury." Id. at 743-44. Plaintiff cannot demonstrate any facts or circumstances which would establish a causal nexus between his treatment, or lack thereof, and his subsequent criminal behavior—or at least not a causal nexus that the law will recognize.  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d at 1126, 1131.

Based on the foregoing, IT IS RECOMMENDED that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE